WILSON v. MICHIGAN INTERSTATE MOTOR FREIGHT, INC.

1. NEGLIGENCE—SUBSEQUENT NEGLIGENCE—LAST CLEAR CHANCE.
   Doctrines of subsequent negligence or last clear chance of defendant in actions for negligent injuries require confession of negligence on part of plaintiff and discovery thereof by a defendant in time and with ability to avoid injury and failure to do so.

2. AUTOMOBILES—STATUTES—OVERTAKING VEHICLES.
   Statute requiring that vehicle overtaking another proceeding in the same direction shall pass at safe distance to left thereof and not again drive to the right side of the highway until safely clear of overtaken vehicle held, irrelevant to issues involved in action between motorist who backed her car from private driveway on east side of street, 26 feet between curbs, to west curb about 200 feet in front of defendant's southbound truck and trailer and stayed there until collision occurred (1 Comp. Laws 1929, § 4706 [a]).

3. SAME—CONTRIBUTORY NEGLIGENCE—BACKING ACROSS STREET.
   Motorist who backed car from driveway on east side of gravel street, 26 feet wide between curbs, to west curb about 200 feet in front of defendant's southbound truck and trailer and cramped her wheels as though about to proceed but who remained there, expecting truck driver to pass left in front of her held, guilty of contributory negligence barring recovery for personal injuries received when truck collided with her car as truck driver turned right and attempted to pass in rear of her car.

Appeal from Ingham; McPeek (Russell R.), J., presiding. Submitted June 10, 1938. (Docket No. 92, Calendar No. 40,079.) Decided October 5, 1938.

Case by Leota M. Wilson against Michigan Interstate Motor Freight, Incorporated, a corporation, for damages for personal injuries sustained in a motor vehicle collision. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*David V. Martin* (*LeMoyne Snyder,* of counsel), for plaintiff.

*Gregg, Thompson & Glassen,* for defendant.

WIEST, C. J. Plaintiff lived on the east side of Cleo street in the city of Lansing. The forenoon of April 6, 1934, she backed her car out of the private drive, across the street and into the pathway of a truck and trailer she saw coming south, under the expectation that her position would be noted by the truck driver and he would change his course to the left and pass. The truck driver turned to the right, his proper side of the highway, and the collision followed.

Plaintiff brought this suit to recover damages for personal injuries and, upon trial by jury, had verdict and judgment for $3,500.

Cleo street, where the collision occurred, has a gravel surface 26 feet in width between concrete curbs.

Defendant's motion for a directed verdict, on the ground of the contributory negligence of plaintiff, should have been granted.

Plaintiff had recovery under claim that she was free from contributory negligence, and the verdict cannot be sustained under the doctrine of subsequent negligence of defendant or last clear chance.

"That doctrine requires confession of negligence on the part of a plaintiff and discovery thereof by a

defendant in time and with ability to avoid injury and failure to do so." *Wells* v. *Oliver*, 283 Mich. 168.

Counsel for plaintiff invokes 2 Comp. Laws 1929, § 4706 (a) (Stat. Ann. § 9.1574[a]):

"The driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle."

That statute has no relevancy to any issue in this case.

When plaintiff had backed her car across the street, at or near the west curb, she cramped the wheels as for proceeding but did not start her car. The truck driver attempted to pass to the rear of plaintiff's car but was unable to do so without collision.

Plaintiff testified, in substance, that the car was in the driveway on the north side of her house on the east side of Cleo street. After getting in the car she started the motor and looked to the south to see if a car was coming. She did not see a car or cars coming and then looked to the north, to her left. She saw a truck on Cleo street coming south. She backed out in a normal manner and continued to observe this truck and continued backing until near the west curb. The truck was then about 200 feet away. She cramped the wheels for again starting but remained there. The truck was approximately in the middle of the road. Between the front of her car and the east curb there was about 15 feet. The truck continued toward her and she stayed in that position.

"I expected the truck to pass in front of me at the left. * * *

"The truck * * * was within 100 feet of me before the driver made any change in the direction of his driving. At that time he turned to his right and went up over the curb."

When the truck was about 200 feet away she noticed its speed and claims that it was traveling about 35 miles per hour. At the time she was in the center of the street and after seeing the truck she continued to back to the west curb. The truck was approaching on the right hand side near the center of the street. When she stopped backing the car and cramped the wheels for starting, had she then proceeded, the course of her car would necessarily have been into the space she claims the truck driver should have turned.

The record is barren of any other warning to the truck driver of her intention, and she is not to be excused because of his failure to sense her expectation.

Judgment reversed, without a new trial, with costs to defendant.

Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.