AGRANOWITZ *v.* LEVINE.

1. APPEAL AND ERROR—INSTRUCTIONS—REQUESTS TO CHARGE—CONTRIBUTORY NEGLIGENCE—AGE.

In automobile accident case wherein contributory negligence of 73-year old pedestrian was admitted at pretrial hearing, charge to jury that contributory negligence is the failure to exercise that degree of care which the circumstances justly demand could not be objected to on appeal on ground that judge should have charged that plaintiff's advanced age should be considered as a factor where trial judge asked counsel whether they had any criticism, additions or amendments to the charge and no requests to charge upon such matter were filed by plaintiff's counsel either before or after charge was given.

2. AUTOMOBILES — PEDESTRIANS — THREE-CAR ACCIDENT — INSTRUCTIONS.

In pedestrian's action arising out of accident wherein first car had stopped, a second car following it had also stopped, and defendant's car, the third car, failed to stop, hit the second car with such force that it was propelled forward so as to push first car ahead and strike plaintiff some 10 feet from where plaintiff had stopped near the center of a street with

---

That it is necessary for a negligent plaintiff to recover, that defendant knew of plaintiff's position, or should have known of it, and thereafter failed to use with reasonable care then existing ability to avoid the accident, see 2 Restatement, Torts, § 479.

four traffic lanes, instruction ''Was it an unavoidable accident owing to circumstances then pending upon the situation at that particular moment? How did all these parties act one towards the other?'' was proper.

3. APPEAL AND ERROR—FAILURE OF DEFENDANT TO TAKE WITNESS STAND—INSTRUCTIONS.

In pedestrian's action against motorist wherein defendant failed to take the stand, failure to instruct jury that they could draw an inference unfavorable to defendant because of his failure to testify as to material facts exclusively within his knowledge concerning the operation of his car did not constitute error where there was a colloquy between the court and plaintiff's counsel upon the matter in the presence of the jury, and defendant could have been called for cross-examination as an adverse witness under the statute but plaintiff's counsel did not do so, as a defendant is not bound to take the stand on his own behalf if satisfied that plaintiff had not made out a case (3 Comp. Laws 1929, § 14220).

4. NEGLIGENCE—SUBSEQUENT NEGLIGENCE—LAST CLEAR CHANCE.

The subsequent negligence doctrine, or last clear chance, requires confession of negligence on the part of plaintiff, discovery thereof by defendant in time and with ability to avoid the injury, and the latter's failure to do so.

5. AUTOMOBILES—PEDESTRIANS—SUBSEQUENT NEGLIGENCE—INSTRUCTIONS.

After first motorist had stopped his car about 10 feet from plaintiff pedestrian, a 73-year-old woman, in order to avoid striking her as she stopped near center of street in heavy traffic, second motorist following first had also stopped, and defendant, the third motorist, because of wet and slippery street, struck second car with such force that it was propelled ahead and hit first car so that it struck plaintiff, instruction that if jury found defendant knew of plaintiff's situation and disregarded it without any thought of the circumstances involved, or without due care, or without acting as an ordinarily prudent and careful person, crashed into the car ahead, knowing that plaintiff was in close proximity to the first car in line, then she might recover, properly presented issue of subsequent negligence to jury.

6. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—SUBSEQUENT NEGLIGENCE—EVIDENCE.

In pedestrian's action against motorist, driving third car in line of traffic on a misty evening in .February on a street with four traffic lanes, where two cars preceding him had stopped

suddenly to avoid striking plaintiff but his car struck the second car with such force that it pushed first car ahead so as to strike plaintiff, where plaintiff was admittedly guilty of contributory negligence and sought recovery under theory of subsequent negligence, finding of jury that defendant was not guilty of negligence *held*, supported by evidence.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 9, 1941. (Docket No. 33, Calendar No. 41,526.) Decided June 2, 1941.

Case by Lena Agranowitz against Arnold Levine for injuries received when struck by an automobile. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Drexelius, Helper & Marks*, for plaintiff.

*Mason, Davidson & Mansfield* (*Carl F. Davidson* and *Glenn W. Fagerlin*, of counsel), for defendant.

Butzel, J. Plaintiff, a woman 73 years of age, was struck and injured by an automobile while attempting to cross Fourteenth avenue at or near its intersection with Gladstone avenue, in the city of Detroit, Michigan, about 7:15 p.m., on February 11, 1940. Fourteenth avenue, running north and south, has four lanes of traffic and is intersected at right angles by Gladstone avenue. Automobiles were parked along the east curb of Fourteenth avenue. It was misty at the time, street lights were lit and the headlights of the cars had been turned on. Plaintiff, while crossing from east to west, had reached a point slightly east of the center line when she was struck. Plaintiff's counsel admitted at the pretrial hearing that his client was guilty of contributory negligence but based her claim on gross negligence, used interchangeably with the last clear

chance doctrine or subsequent negligence. He claimed that the negligence of his client had ceased, and that she was in a place of safety when she was struck down.

Three cars were involved in the accident. Charles Golm was driving the first car at the intersection. We refer to it as car No. 1. John Ivory drove his car (No. 2) a short distance behind the first car. Defendant was driving his car (No. 3) not far behind the Ivory car. The driver of car No. 1 saw plaintiff as she was standing still, with her back towards him, in the middle of the street, but a little to the right of the center line. Plaintiff testified that she stopped in the path of car No. 1 when it was 8 to 10 feet from her. The driver of car No. 1 applied his brakes and brought the automobile to a stop about 10 feet back of plaintiff. The driver of car No. 2, who was driving about 25 feet behind car No. 1, thereupon applied his brakes and brought his car to a stop. Defendant, who was driving car No. 3, stated, in a signed statement made by him to the police officer at the time of the accident, that when the car in front of him suddenly stopped, the street was slippery, and for that reason he could not stop. His car thus hit car No. 2 with considerable force and propelled it forward into car No. 1, which, from the force of the impact, was also pushed forward and struck the plaintiff. The driver of car No. 2 testified that the pavement was wet and that there was snow and ice on the ground. The driver of car No. 1 stated that at the spot of the accident the pavement was dry. The witnesses all agreed that the traffic was heavy at the time.

At the conclusion of plaintiff's proofs, defendant moved for a directed verdict. The trial court reserved decision under the Empson act (3 Comp. Laws 1929, §§ 14531–14534, as amended by Act No.

44, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1940 Cum. Supp. §§ 27.1461–27.1464]). Defendant put in no testimony. The trial court submitted the case to the jury, which returned a verdict in favor of defendant. Plaintiff's motion for a new trial was denied, and she appeals.

Errors are claimed in the charge of the trial court. After a careful examination of the record, we are satisfied that the charge as a whole was proper. The judge charged that contributory negligence is the failure to exercise that degree of care which the circumstances justly demand. Plaintiff claims that the judge should have charged that her advanced age should be considered as a factor in this connection. The prior contributory negligence of plaintiff was admitted by counsel at the pretrial hearing so it did not become a serious issue in the case. No requests to charge were filed by either party and the trial judge asked counsel whether they had any criticism, additions or amendments to the charge. Plaintiff's counsel made no request that the jury consider his client's advanced age. Under the circumstances she cannot complain.

Plaintiff further objects to the following instruction:

"Was it an unavoidable accident owing to circumstances then pending upon the situation at that particular moment? How did all these parties act one towards the other?"

The instruction was proper in view of the circumstances of this case as brought out in the evidence and pleadings.

Plaintiff further contends that she was entitled to an instruction that the jury could draw an inference unfavorable to the defendant because of his failure to testify as to material facts exclusively within his

knowledge, concerning the operation of his motor vehicle. When the judge asked for criticisms, amendments or additions to his charge, plaintiff's counsel asked that the judge charge the jury that they might draw an unfavorable inference because of the failure of defendant to testify in his own behalf. The court stated that he did not think it was necessary. Whereupon plaintiff's counsel stated that he had argued it but it was not in the charge to the jury and that they did not have to accept his word. The court stated: ''No, they can make up their own minds on that score.'' This was all in the presence of the jury, so it was brought to their attention. Plaintiff had introduced a signed statement made by defendant to a police officer at the time of the accident which gave his version of the accident. Defendant's statement was thus before the jury. Plaintiff also could have called defendant as an adverse witness for cross-examination. 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915). She did not do this. Defendant was willing to risk his case on the previous concession made by plaintiff's counsel that his client was guilty of contributory negligence. He was not bound to take the witness stand nor to produce any witnesses if satisfied that plaintiff had not made out a case. He subjected himself to any unfavorable inferences that the jury might draw when they considered the evidence introduced by plaintiff without any contradiction by defendant. We believe, under the circumstances, there was no error.

Plaintiff stresses the fact that defendant, however, was guilty of subsequent negligence. There was no showing whatsoever of wanton or wilful misconduct, nor was there any of subsequent negligence. According to the testimony, plaintiff, prior to the accident, was in front of car No. 1, with car

No. 2 and defendant closely following. In *Wells* v. *Oliver,* 283 Mich. 168, we stated that the doctrine of subsequent negligence, or last clear chance, requires confession of negligence on the part of plaintiff, discovery thereof by defendant in time and with ability to avoid injury, and the latter's failure to do so. The judge charged the jury that if they found that defendant knew of plaintiff's situation and disregarded it without any thought of the circumstances involved, or without due care, or without acting as an ordinarily prudent and careful person, crashed into the car ahead, knowing that plaintiff was in close proximity to the first car in line, then she might recover. The trial court thus brought the question of subsequent negligence properly before the jury. In view of the facts disclosed by the record we fail to see how the jury could have come to any different conclusion. No wanton or wilful misconduct was shown. It was not shown that the driver of car No. 2 gave any signal to defendant. Cars, in crowded streets in the city must follow one another in close proximity. When a pedestrian, admitting contributory negligence, steps into the path of oncoming cars two of which suddenly stop, and the third car, because of ice and traffic conditions, cannot stop immediately, it is obvious that the jury might properly find the driver of the third car not culpable and that defendant did not discover plaintiff's peril. There was no error in the court's charge. See *Wells* v. *Oliver, supra; Wilson* v. *Michigan Interstate Motor Freight, Inc.,* 286 Mich. 99; 92 A. L. R. 128; 119 A. L. R. 1075.

It is also claimed that the verdict of the jury is against the overwhelming weight of the testimony. A careful reading of the record convinces us that the verdict is fully supported by the evidence.

The judgment is affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, and WIEST, JJ., concurred. MCALLISTER, J., took no part in this decision.