158 N.W.2d 837 (1968)
In the Matter of the ESTATE of Larry Dean DeBOUR, Deceased.
Howard HODSON, Claimant-Appellee,
v.
G. A. CADY, Administrator, Counter-claimant-Appellant.
No. 52740.
Supreme Court of Iowa.
May 7, 1968.
Hobson, Cady & Drew, Hampton, for counterclaimant-appellant.
William Pappas, Mason City, for claimant-appellee.
*838 STUART, Justice.
On the morning of September 12, 1963 at 6:00 a.m. a gravel truck driven south by Howard Hodson on a Franklin County gravel road three miles east of Hampton, collided with a northbound automobile driven by Larry Dean DeBour. DeBour was killed outright, the automobile was demolished, the gravel truck was badly damaged and Hodson was not injured.
Hodson filed a claim against the Estate of Larry Dean DeBour for the damage to his truck alleging decedent's negligence. The administrator of the DeBour Estate denied the claim and counterclaimed for decedent's wrongful death and property damage pleading Hodson's negligence and the doctrine of the last clear chance.
The trial court, sitting as a trier of fact, found the impact occurred at the crest of the hill in the center of the traveled portion of the gravel road, and skid marks just prior to impact indicated both vehicles were traveling in the center of the road. He dismissed both the claim and counterclaim. Counterclaimant brings this appeal contending the court's finding of fact is contrary to the evidence and the court erred as a matter of law in refusing to apply the doctrine of last clear chance.
I. The findings of fact of the trial court in a law action tried without a jury have the effect of a jury verdict and will not be disturbed on appeal if supported by substantial evidence. Hackney v. Tower, Iowa, 152 N.W.2d 257, 259; Mineke v. Fox, 256 Iowa 256, 259, 126 N.W.2d 918, 919.
In making his findings the trial court specifically accepted the investigating highway patrolman's testimony and rejected Hodson's version of the accident.
Patrolman Condon arrived at the scene of the accident about 6:30 a.m. He testified:
"I made an investigation as to the physical situation out there, and I determined that the point of impact occurred where the debris was. According to my investigation the impact occurred in the center of the road.
"I measured the traveled portion of the road, the hard surface part, which was eighteen feet wide, and the point of impact was nine feet from the west edge of the road. * * *
"I saw tire marks at the scene from both cars. There were tire marks leading up to the point where the Hodson truck came to rest, and Mr. Hodson had fourteen feet of skid marks before the point of impact, and at the point of impact he went off at an angle for sixty feet before the truck came to rest. The direction that he went off at the point of impact was southwest. The fourteen foot skid mark was in the center of the road. That was from the left rear duals. I did not see any skid marks for his right rear duals. * * *
"There were tracks of the DeBour vehicle which led up to the point of collision and which I determined to have been made by the DeBour vehicle. They began south of the crest of the hill.
"There was one particular track that you could call a skid mark or tire track * * * [which] started six feet west of the center of the road [the wrong side of the road for the northbound DeBour automobile] and then it came at an angle to the point of impact for one hundred feet. * * * After the point of impact, the DeBour car came to rest 20 feet northeast of the point of impact and was in the ditch. After having observed the scene and made the observations I did, I would assume that the DeBour vehicle was coming the speed limit on the road at that time, which was 60 miles per hour."
On cross-examination, patrolman Condon answered:
"Q. * * * where was the point of impact in relation to the top or side or bottom of the hill? A. It was on the hill crest. * * *
*839 "Q. Where was the point of impact in relation to the center of the road? A. The impact was in the center of the road."
This is sufficient to support the trial court's finding both parties were negligent and his dismissal of claim and counterclaim.
II. Appellant claims the trial court erred as a matter of law in refusing to apply the doctrine of last clear chance. It appears from the record the court considered the doctrine in relation to the evidence and concluded it was factually inapplicable. The court in its "Findings of Fact" stated: "* * * the collision having occurred at the crest of the hill, the doctrine of Last Clear Chance could not apply." The evidence of the grade, visibility and other surrounding circumstances was not sufficient to establish the inapplicability of last clear chance as a matter of law. We do not believe his opinion should be interpreted as concluding as a matter of law the last clear chance doctrine could not apply if the vehicles collided at the crest of any hill.
"The doctrine applies where a defendant is aware of plaintiff's perilous position in time to have avoided the accident by the exercise of ordinary care but fails to do so. The doctrine refers to negligence after negligence. It is a phase of the doctrine of proximate cause. The theory is that the later negligence becomes the proximate cause." Winegardner v. Manny, 237 Iowa 412-413, 21 N.W.2d 209.
In Iowa, "* * * the requisites for the application of this doctrine are substantial evidence that the defendant had (1) knowledge of plaintiff's presence, (2) realization of plaintiff's peril; and (3) the ability to avoid the injury to plaintiff thereafter, and of course failed to do so." Vreugdenhil v. Kunkel, 256 Iowa 460, 466, 127 N.W.2d 630, 633-634 and citations.
Appellant relies on a combination of the testimony of Hodson and the patrolman to support his last clear chance contention. Their versions of the accident are quite different. The patrolman's testimony has been set out out above. Hodson placed his truck at the foot of the hill when he observed defendant's car come over the top of the hill some 400-600 feet away. He testified the car came down the hill toward him in a sideways slide. The truck was always on its own side of the road and when he saw the car coming he moved four or five feet to the right. The truck was ready to go into the ditch at the time of the collision, which occurred one-third of the way up the hill.
From this version appellant extracted the testimony that Hodson observed the car 400-600 feet away and considered it with the patrolman's testimony concerning the point of impact and concluded Hodson remained in the center of the road after he had seen deceased coming in ample time to give him room to pass. The fact finder could have so viewed the facts and applied the doctrine of last clear chance, but was not compelled to do so. He could, and did, find the accident happened in the center of the road at the crest of the hill and neither party had the time or opportunity to yield one-half of the traveled portion of the highway.
There was sufficient evidence to support the trial court's finding that both parties were negligent and his determination the last clear chance doctrine was not applicable under the patrolman's version of the accident.
The trial court is affirmed.
Affirmed.
All Justices concur.