RAMIREZ v. CHENIER

1. AUTOMOBILES — NEGLIGENCE — PEDESTRIAN — SUBSEQUENT NEG-
   LIGENCE — TRIAL — INSTRUCTIONS TO JURY.
   The doctrine of subsequent negligence has no application as a
   matter of law, and refusal to give the instruction dealing with
   it is not error, when it appears from the record that the
   acts of negligence involved in a case were concurrent.

2. AUTOMOBILES—NEGLIGENCE—TRIAL—SUBSEQUENT NEGLIGENCE.
   Failure of plaintiffs to plead the doctrine of subsequent negli-
   gence or to have it included as an issue of law in the pretrial
   summary bars them from asking the trial court to give an in-
   struction to the jury on it (GCR 1963, 111.1, 301.2).

Appeal from Wayne, Edward S. Piggins, J. Sub-
mitted Division 1 February 6, 1969, at Detroit.
(Docket No. 4,259.)   Decided April 21, 1969.

Complaint by Peter Ramirez and Mary Ramirez
against Janette C. Chenier for damages resulting
from Peter Ramirez being struck by defendant's
automobile.   Verdict and judgment for defendant.
Plaintiffs appeal.  Affirmed.

*Ripple, Chambers & DeWitt (Donnelly W. Had-
den,* of counsel), for plaintiffs.

*Rouse, Selby, Webber, Dickinson & Shaw (Wil-
liam H. Morman,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 378.
[2] 53 Am Jur Trials § 574.

BEFORE: Lesinski, C. J., and T. M. Burns and J. J. Kelley,* JJ.

Per Curiam. Plaintiff Peter Ramirez, a pedestrian, was struck by an automobile driven by the defendant Janette Chenier while attempting to cross the street at the intersection of Bagley and Twenty-Third in the city of Detroit. Plaintiffs contend that the trial court erred in refusing to give instructions to the jury to the effect that Detroit city ordinances § 38-12-1 and § 38-12-3 relieve a pedestrian of the duty to exercise ordinary care in the crossing of a street at an intersection if he was not negligent in starting across and that a motor vehicle operator has an absolute duty to avoid such a pedestrian. We find the plaintiffs' contentions of prejudicial error based upon the trial court's instructions concerning duties of care and contributory negligence to be without merit. *Ortisi* v. *Oderfer* (1958), 354 Mich 389; *Knickerbocker* v. *Samson* (1961), 364 Mich 439; and *Ortega* v. *Lenderink* (1968), 10 Mich App 190.

We also find the plaintiffs' contention that the trial court erred in refusing to give an instruction on the doctrine of subsequent negligence to be without merit. Since from the record it appears that the acts of negligence were concurrent, the doctrine of subsequent negligence has no application as a matter of law and the refusal to give the instruction dealing with it was not error. *Greenberg* v. *Greenberg* (1953), 337 Mich 390; *Howell* v. *Hakes* (1930), 251 Mich 372. See, also, *Davidson* v. *City of Detroit* (1943), 307 Mich 420. Further, the plaintiffs failed to plead the doctrine of subsequent negligence as required by GCR 1963, 111.1 or to have it included as an issue of law for trial in the pre-trial summary. GCR 1963, 301.2.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

Plaintiffs' reliance on the case of *St. John* v. *Nichols* (1951), 331 Mich 148, to support their contention that subsequent negligence need not be specifically pleaded is unfounded for in that case both lack of contributory negligence and subsequent negligence were pleaded.

Affirmed.   Costs to appellee.