SMITH v FALLS

1. NEGLIGENCE—LAST CLEAR CHANCE—REFUSAL TO CHARGE.

Refusal to instruct the jury as to the last clear chance doctrine was not error where the evidence was incontrovertible that plaintiff's negligence continued up to the time of the accident; the last clear chance doctrine does not apply where both parties were negligent up to the time when the accident was unavoidable.

2. AUTOMOBILES—GROSS NEGLIGENCE—WILLFULL AND WANTON MISCONDUCT.

Excessive speed by itself does not constitute willful and wanton misconduct in the operation of an automobile.

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 June 19, 1972, at Lansing. (Docket No. 8447.) Decided July 24, 1972. Leave to appeal denied, 388 Mich 779.

Complaint by Lynn G. Smith against Jimmie H. Falls and Manly Falls for automobile negligence. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Kelly, Kelly & Kelly,* for plaintiff.

*Navarre & Noble,* for defendants.

Before: FITZGERALD, P. J., and QUINN and DANHOF, JJ.

FITZGERALD, P. J. This cause arises from an

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 376, 1031.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 265, 268.
What amounts to reckless driving of motor vehicle within statute making such a criminal offense, 86 ALR 1273 s. 52 ALR2d 1337.

automobile accident which occurred on August 24, 1964, in Jackson County, Michigan. Plaintiff, alleging negligence and willful and wanton misconduct on the part of defendants, instituted this action seeking a recovery for personal injuries sustained as a result of said accident. A jury returned a verdict of no cause of action in favor of the defendants and judgment was entered accordingly. Plaintiff filed a motion for new trial which motion was denied by the trial court. This appeal follows as a matter of right.

The accident in question occurred at approximately 10 a.m. At the time of the accident, the weather was clear and the pavement dry. Plaintiff was driving north on Dettman Road, a two-lane road running north and south, and had stopped at a stop sign at the intersection of Dettman Road and Page Avenue. The stop sign required traffic on Dettman to stop before negotiating Page Avenue, a four-lane through street running east and west. Defendant Jimmie Harold Falls, operator of a vehicle owned by defendant Manly Falls, was traveling in a westerly direction in the northernmost lane of Page Avenue, approaching the Dettman intersection from the east. The collision involving plaintiff's and defendants' vehicles occurred in the center of the two westbound lanes of Page Avenue.

A witness to the accident, Walter Bartlett, who had been traveling south on Dettman Road, testified that just prior to the accident he stopped at the stop sign at the north edge of Page Avenue. He saw plaintiff sitting on the other side of the intersection facing in the opposite direction. Bartlett testified that he saw defendants' vehicle coming around a curve 900 feet east of the intersection and determined that it was safe for him to make a left turn in front of defendants' approaching vehi-

cle. Plaintiff motioned for Bartlett to make his left turn in front of plaintiff's car. Both he and plaintiff proceeded into the intersection. When Bartlett had straightened out in the right-hand lane going east on Page Avenue and when he had traveled approximately 135 feet away from the intersection, defendants' vehicle passed him traveling in the opposite direction in the northernmost westbound lane of Page Avenue. Bartlett estimated the speed of defendants' vehicle at approximately 65 mph as it approached the intersection; the posted speed limit for traffic on Page Avenue being 30 mph at that location. He testified that, had he waited for plaintiff's car to pull out from the intersection before turning left himself, he would not have had time to clear the defendants' car. Bartlett testified that a northbound vehicle on Dettman Road at the south side of its intersection with Page Avenue could first see a westbound vehicle approaching on Page at a distance of approximately 700 feet east of the intersection.

Plaintiff, who was 65 years of age, was accompanied by his grandson, who was in the right front passenger seat at the time of the accident. The grandson was killed as a result of the ensuing collision. Plaintiff testified that upon stopping at the intersection of Dettman and Page, he looked in both directions on Page and, although he could see more than 700 feet to the east of the intersection, he saw no traffic. From the time that he started out into the intersection, he did not stop and was traveling at approximately 6 to 10 mph. He stated that he was watching Bartlett's vehicle so as to make certain that he did not hook Bartlett's rear. Plaintiff reached the center of Page Avenue but could remember nothing more of the accident.

Defendant, Jimmie Falls, testified that he was

traveling approximately 50 mph on Page Avenue; that he saw two cars on Dettman Road, one on each side of the intersection; that he never saw plaintiff's car move from that position; and that he next saw plaintiff's vehicle when it was directly in front of him in the intersection just prior to impact. Defendant stated that after the Bartlett vehicle passed him, approximately 100 feet east of the intersection, there was nothing to obstruct his view of plaintiff. By that time, however, according to defendant, plaintiff's front bumper was practically even with the side of defendants' car. When confronted by plaintiff's vehicle, he tried to apply his brakes and veer to the right to avert the accident, to no avail.

An investigating officer testified that he could find no skid marks or tire marks from defendants' vehicle east of the point of impact. That testimony was verified by that of another officer.

Plaintiff claims first that the trial court committed error in failing to instruct the jury concerning the theory of last clear chance, thereby refusing to allow the jury to consider plaintiff's claim as to that doctrine. In this regard, the trial court, in its opinion denying plaintiff's motion for new trial, stated:

"The Court took the question of last clear chance from the jury because, I contend, the record will show that if the jury found the defendant [plaintiff?] to be negligent that it continued up to the time of the accident and did not cease."

The record in the instant case supports the action of the trial court in refusing to instruct the jury as to the last clear chance doctrine. It was uncontroverted that plaintiff did not stop his vehicle after allowing Bartlett's car to make its left

turn in front of him and that plaintiff was traveling at a speed of 6 to 10 mph across the intersection without again looking for approaching vehicles. The court, therefore, did not err in determining that plaintiff's negligence, if any, continued up to the time of the accident and did not cease. The last clear chance doctrine, or doctrine of subsequent negligence, does not apply where both drivers were negligent up to the time of the collision, as where neither saw the other until it was too late to avoid injury. *Boerema v Cook,* 256 Mich 266 (1931). See, also, *Kolcon v Smewing,* 28 Mich App 237 (1970); *Churukian v LaGest,* 357 Mich 173 (1959); *Frye v Gilomen,* 360 Mich 682 (1960). We rule that there was no error in the particular herein urged.

Second, plaintiff contends that the trial court committed reversible error when it incorrectly charged the jury that "speed in and of itself is not evidence of willful and wanton misconduct". The record reveals that the trial court, in its initial instructions, correctly stated that "mere excessive speed by itself does not constitute willful and wanton misconduct in the operation of an automobile". *Bielawski v Nicks,* 290 Mich 401 (1939). Further, the court cured the error complained of by immediately repudiating the erroneous charge. The instruction, as given, does not therefore compel reversal.

Finally, plaintiff asserts that the verdict of the jury was contrary to the great weight of the evidence. Although this issue was properly raised by motion for new trial, and has been fully considered by this Court, we find the same to be without merit.

Affirmed. Costs to defendants.

All concurred.