ZENI v ANDERSON

OPINION OF THE COURT

1. TRIAL—INSTRUCTIONS TO JURY—ELEMENTS OF LAW.

A court has the duty of charging the jury on all essential elements of law even though no request has been made.

2. TRIAL—INSTRUCTIONS TO JURY—STANDARD JURY INSTRUCTIONS.

A trial court is not to be faulted for relying on the Standard Jury Instructions in its charge to the jury because courts should be secure with them; however, if an instruction is deficient as printed, it is the court's responsibility to rectify and clarify the instruction.

3. TRIAL—PEDESTRIANS—STATUTES—APPLICATION—PROXIMATE CAUSE.

It is a question of fact whether the statute which provides in part that where sidewalks are not provided, pedestrians shall, when practicable, walk on the left side of the highway facing traffic which passes nearest, applies to a given situation; if the statute is found applicable then the issue of proximate causality may be one of fact or law (MCLA 257.655).

4. NEGLIGENCE—SUBSEQUENT NEGLIGENCE—LAST CLEAR CHANCE—BURDEN OF PROOF.

The burden is on the plaintiff to show that he is entitled to the benefit of the doctrine of subsequent negligence, also called the doctrine of last clear chance.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial § 539 *et seq.*
[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 1015.
[4–7] 57 Am Jur 2d, Negligence §§ 306, 386 *et seq.,*
   Doctrine of last clear chance. 92 ALR 47, s. 119 ALR 1041, s. 171 ALR 365.
[8, 9] 57 Am Jur 2d, Negligence §§ 394–404, 407.
   53 Am Jur, Trial § 509.
[10, 11] 57 Am Jur 2d, Negligence §§ 185, 379.
   Sufficiency of instruction on contributory negligence as respects the element of proximate cause. 102 ALR 411.

5. Negligence—Subsequent Negligence—Last Clear Chance—Elements.

The four elements of the doctrine of subsequent negligence, which is also called the doctrine of last clear chance, are: (1) plaintiff's inability to escape from, or obliviousness to, danger which results from his own negligence; (2) defendant's awareness of the danger; (3) defendant's opportunity to avert the injury; and (4) defendant's failure to avert it.

6. Automobiles—Negligence—Pedestrians—Subsequent Negligence—Last Clear Chance—Proximate Cause.

The inquiry which needs to be answered in order to apply the doctrine of subsequent negligence, also called the doctrine of last clear chance, in a case where a plaintiff pedestrian, while walking in a street, was struck by defendants' automobile is whether the negligence of the plaintiff had ceased to operate as a proximate cause of her injury; if plaintiff's negligence is shown to be a remote cause of her injury, the doctrine of subsequent negligence is applicable; the proofs should be clear and convincing that defendant discovered or should have discovered the plaintiff's peril by exercising ordinary care and diligence, and by use of the means at hand had time and ability to avert the threatened injury.

7. Negligence—Subsequent Negligence—Last Clear Chance—Proximate Cause.

The doctrine of subsequent negligence, also called the doctrine of last clear chance, does not apply where the negligence of both parties is concurrent and proximately causes a plaintiff's injury.

8. Trial—Instructions to Jury—Purpose—Clarity of Instructions.

The purpose of instructions to the jury is to enlighten the jury as to the relevant factors to be considered and the instructions should be as clear as possible.

9. Negligence—Subsequent Negligence—Instructions to Jury—Standard Jury Instructions—Proximate Cause—Burden of Proof.

The Standard Jury Instruction providing for the doctrine of subsequent negligence is used only when there is evidence of a plaintiff's precedent negligence placing him in a position of danger and is not applicable if the negligence of a plaintiff is concurrent with the negligence of a defendant, and such instruction was deficient in its wording without further explana-

tion where the judge's instruction on proximate cause, correlated with the instruction on burden of proof which was given, was insufficient as to the elements of subsequent negligence (SJI 14.01).

DISSENT BY R. L. SMITH, J.

10. AUTOMOBILES—NEGLIGENCE—CONCURRENT NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—RECOVERY FOR INJURIES—PEDESTRIANS.

*A plaintiff pedestrian who was struck by defendants' automobile while walking in the street was negligent as a matter of law and her negligence was concurrent with that of the defendant driver and a contributory cause as a matter of law and therefore plaintiff was not entitled to recover for her injuries, where prior to and until the moment of impact plaintiff was walking on the wrong side of the street in violation of statute, nothing in the record suggests that it would be impracticable to walk on the left side of the street facing oncoming traffic, there is nothing in the record to base a finding that plaintiff was faced with alternatives of only dangerous routes and she was familiar with the scene (MCLA 257.655).*

11. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—CASE PRECEDENT—RECOVERY.

*The case law of Michigan has not yet arrived at the point where the negligence of the defendant alone is sufficient to allow a plaintiff to recover; there must be an absence of concurrent contributory negligence.*

Appeal from Marquette, Bernard H. Davidson, J. Submitted Division 3 June 4, 1974, at Grand Rapids. (Docket No. 16098.) Decided November 6, 1974. Leave to appeal granted, 393 Mich 804.

Complaint by Eleanor K. Zeni against Karen Anderson and Donald Anderson for damages for personal injuries received when she was struck by defendants' automobile. Verdict and judgment for plaintiff. Defendants appeal. Reversed and remanded for a new trial.

*Kendricks, Bordeau & Casselman, P. C.,* for plaintiff.

*McDonald & Weber,* for defendants.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

HOLBROOK, P. J. This appeal is taken from a jury verdict which found the defendant guilty of subsequent negligence and which awarded plaintiff damages of $30,000.

Lee Drive, the scene of the accident here in question, is a major thoroughfare crossing the campus of Northern Michigan University in Marquette and is subject to heavy vehicular traffic. It is a blacktop road, some 43 feet in width, which has two-way traffic. There are parking stalls, measuring 8 by 20 feet, along the curb on both sides of the street. On the southern side of the street is found the University Health Center. Some distance to the west of the Health Center is parking lot X, which abuts Seventh Street. Traffic from the northwest feeds into Lee Drive. In March of 1969 there was a sidewalk available to pedestrians on the north side of Lee Drive. However, there was on the south side only a path which had been worn down by pedestrian traffic. The following is a representation of the scene.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

At around 8 a.m. on March 7, 1969, the temperature was 11° above zero, the wind was out of the west (averaging 7 miles an hour), and the sky was clear—there were no clouds in the sky and the visibility was over 15 miles. The average snow depth was 22 inches. Some minutes before 8 o'clock, plaintiff, Mrs. Zeni, a

56-year-old registered nurse employed at the University Health Center, parked her car in parking lot X. Thereafter, she walked along Seventh Street and then over to the south side of Lee Drive. At about that time, Karen Anderson, a 20-year-old single student at Northern Michigan University, accompanied by a passenger, was coming from the northwest and heading southeast on University Drive. Defendant, Karen Anderson, was driving a yellow Ford Mustang automobile, owned by her father, Donald, codefendant in this action.

Some moments thereafter, plaintiff was struck by defendant's automobile. As a result of this impact, plaintiff suffered serious injuries, including development of an intracerebral hematoma in the right temporal area. In order to remove the hematoma, neurosurgery was performed on plaintiff. After an extended period of convalescence, plaintiff returned to work on a part-time basis with continuing restrictions on her duties. She manifested some permanent disability.

Mrs. Zeni has retrograde amnesia and retains no memory from the time she left parking lot X that morning until sometime after the impact. Thus, there is no means of determining whether she discovered the defendant behind her.

There was testimony that the use of the roadway was common. Another nurse testified that she normally used the roadway of Lee Drive to get to the Health Center, as did other nurses. There was testimony that others were using the roadway that morning. Moreover, the snow on the path was not heavily packed. A security officer testified that in the winter time it was safer to walk in the roadway than on the path. Further, there was testimony that in days precedent to the accident Mrs. Zeni had fallen on the path, as had the director of

University Security. The security director was hospitalized.

At trial defendant Karen Anderson testified that it was normal procedure for her, when she had a passenger, to get inside her car and turn on the defroster, while the passenger scraped the windshield. Defendant was unable to remember whether she had turned her windshield wipers on. The passenger testified that she scraped the windshield. Karen estimated that her speed on that morning was from 10 to 15 miles an hour. No other testimony presented showed that her speed was any greater. The posted speed limit on Lee Drive was 15 miles an hour.

It appears that on that morning there was a steady stream of traffic. Karen testified that there was a car in front of her and one behind her. She said that she first saw the plaintiff when Mrs. Zeni was "right along side" one of the parked cars, *i.e.,* between a car parked on the righthand side of the road and defendant's car. She testified that she did not hear nor feel the car strike Mrs. Zeni.

The deposition of an eyewitness was read at trial. The witness, Daniel McMahon, testified that on that morning he had been on his way to a class, a few minutes before 8 o'clock. He remembered two cars as standing out in his memory. The first was a small black foreign car which had "a small peep hole in it for the driver to see out of". The second was a yellow Mustang, which was defendant's car. He testified that he saw the yellow Mustang hit Mrs. Zeni "from what would be the driver's right side" and saw Mrs. Zeni flip "over the fender, hood and fender situation". He went over to Mrs. Zeni, who was lying on her right side facing the curb. She was bleeding from the nose. He testified that the defendant's windshield was

clouded and he doubted that the occupants could see out. He also testified that he "saw the yellow car traveling too close to the curb" and that he could tell that plaintiff was going to be hit. When he went to Mrs. Zeni, he said that his knees were on or inside the white line which delineated the perimeter of a parking space.

After plaintiff was removed for emergency care, defendant Karen Anderson and her passenger spoke to a security officer of the University. The security officer, in his report, observed that blood stains were on the pavement some 13 feet from the curb. Further, in his comments he observed that defendant's car windshield was "wet". No citations were issued.

In her complaint, plaintiff alleged that defendant was negligent in that she failed to drive "at a careful and prudent speed", based upon the fact that vehicles and pedestrians were using Lee Drive and that students were proceeding to 8 o'clock classes; that she failed to keep a good lookout ahead for the safety of plaintiff and others; that she failed to exercise due care; that she failed to operate her vehicle so that it could be stopped within the assured cleared distance; and, that she failed to remove and clear accumulated ice or excessive moisture or fog on the windshield of her vehicle. Defendants denied all allegations of negligence and pled the affirmative defense of contributory negligence, based upon a violation of MCLA 257.655; MSA 9.2355, which provides:

"Where sidewalks are provided, it shall be unlawful for pedestrians to walk upon the main traveled portion of the highway. Where sidewalks are not provided, pedestrians shall, when practicable, walk on the left side of the highway facing traffic which passes nearest."

Plaintiff replied to this defense that the provisions asserted by defendants did not apply to Lee Drive. By amended complaint, plaintiff further alleged:

"That, as the defendant Karen Anderson in the operation of her vehicle was driving easterly on Lee Drive, the defendant Karen Anderson discovered, or by the exercise of ordinary care, should have discovered that the plaintiff was walking upon the roadway with her back to said defendant; that said plaintiff was helpless to avoid any impending harm from automobiles approaching her from the west; that plaintiff's situation was discovered or should have been discovered in time to avoid running into her by defendant Karen Anderson in the operation of her vehicle; that there was sufficient time and sufficient distance wherein the defendant, by the exercise of ordinary care should have discovered and used the means at hand to avoid propelling her vehicle into the plaintiff.

"That defendant Karen Anderson's conduct therein was the proximate cause of the injuries to the plaintiff."

The plaintiff prayed for $75,000 in damages and attached as an exhibit special damages of $8,494.

Before trial, defendants' counsel prepared a trial brief which indicated that defendants would object to the use of Michigan Standard Jury Instruction 14.01, the use of which was anticipated to be requested. The objection was based on the note on use in the instruction pointing out that it is inapplicable when the negligence of plaintiff is concurrent with the negligence of defendant. The brief further asserted that no proof could be offered showing that the negligence of plaintiff ever came to rest.

At the close of plaintiff's proofs, defendants moved for directed verdict on the grounds that there had been clear and positive proof of contributory negligence and no proof which would allow the jury to consider subsequent negligence. The

trial court denied this motion and said that there was enough testimony to go to the jury on the question of negligence of Karen Anderson and to allow the jury to ignore the allegation of contributory negligence on the basis of the doctrine of last clear chance.

SJI 14.01 was given by the trial court. Counsel objected to the use of this instruction. The trial court overruled the objection and said:

"In the first place, no request for instruction was made as to the four elements set forth in the cases that are cited in the notes on use and comments in SJI 14.01. Although, counsel did argue it to the jury, I feel that is a jury question as to whether or not it come *[sic]* to rest."

Defense counsel had moved again for directed verdict and the motion was again denied. After the jury verdict was returned, the defendants moved for a new trial or for judgment notwithstanding the verdict. These motions were denied by the trial court in a written opinion. As to the applicability of SJI 14.01, the trial court felt that the instruction on proximate cause left to the jury the question of whether plaintiff's negligence had come to rest prior to the accident or was a concurring cause.

Defendants here appeal on the basis of the use of SJI 14.01 and assert that they are entitled to a judgment notwithstanding the verdict as a matter of law or in the alternative, at the very least, a new trial.

I

Preliminarily, a procedural problem must be dealt with. Plaintiff asserts that as the defendants'

counsel never made a request to charge specifically on the elements of subsequent negligence, the assertion of error may not now be appropriately reviewed, as it was not properly preserved. In the context of this case, this assertion is untenable. GCR 1963, 516.2 provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Clearly, objections were made by defendants so as to preserve the question. Moreover, the court has the duty of charging on all essential elements, even though no request has been made. *Pierson v Smith,* 211 Mich 292, 301; 178 NW 659, 662 (1920), and *Hansel v Hawkins,* 326 Mich 177, 179; 40 NW2d 109, 110 (1949). See also *People v Sherman,* 14 Mich App 720, 723; 166 NW2d 22, 24 (1968). The court was fully informed via defendants' trial brief of the elements of subsequent negligence and should *sua sponte* have instructed accordingly if the elements in question were necessary. We do note that the trial court is not to be faulted for relying on the Standard Jury Instructions, in that courts should be secure with them. However, if an instruction is deficient as printed, it is the court's responsibility to rectify and clarify the instruction.

II

The trial court told the jury at the outset that they were to consider the instructions as a whole and not pick one or some of the instructions and disregard others. The jury was instructed in other pertinent parts:

"Now, we have another state statute which provides that:

" 'Where sidewalks are provided, it shall be unlawful for pedestrians to walk upon the main traveled portion of the highway. Where sidewalks are not provided, pedestrians shall, when practicable, walk on the left side of the highway facing traffic which passes nearest.' [MCLA 257.655; MSA 9.2355][1]

"Now, it is for you to decide whether on the evidence presented in this case, sidewalks were provided for the plaintiff, Mrs. Zeni, to go from parking lot 'X' to her place of work. Then, as to this statute, you shall then decide whether or not it was practicable for her to walk on the left side of the highway facing traffic which passes nearest. If you find that the plaintiff, Mrs. Zeni, violated this statute before or at the time of the occurrence, then Mrs. Zeni was negligent as a matter of law, which, of course, would bar her claim under Count I, providing that her negligence was a proximate contributing cause of the occurrence.

"Now, even though you find that Mrs. Zeni by her own negligence placed herself in a position of danger, that will not defeat her claim for damages if defendant Karen failed to use ordinary care with the means at hand after defendant knew or should have known of Mrs. Zeni's danger.[2]

"When I use the words 'proximate cause' I mean first, that there must have been a connection between that conduct of the defendant Karen which Mrs. Zeni claims was negligent and the injury complained of by Mrs. Zeni, and second, that the occurrence which is claimed to have produced that injury was a natural and probable result of such conduct of the defendant Karen.[3]

"When I use the words 'proximately contributed' I mean first, that there must have been a connection between that conduct of the plaintiff, Mrs. Zeni, which defendant Karen claims was negligent and the injury of which the plaintiff complains, and second, that the occurrence which is claimed to have produced that

---

[1] Corresponds to SJI 12.03.

[2] Corresponds to SJI 14.01.

[3] Corresponds to SJI 15.01.

injury was a natural and probable result of such conduct of the plaintiff, Mrs. Zeni.[4]

"There may be more than one proximate cause. To be a proximate cause, the claimed negligence of the defendant need not be the only cause nor the last cause. A cause may be proximate although it and another cause act at the same time or in combination to produce the occurrence.[5]

"Now, I shall explain to you the burden of proof which the law places on the parties to establish their respective claims. When I say that a party has the burden of proof, or, in this connection, use the expression 'if you find' or 'if you decide', I mean the evidence must satisfy you that the proposition on which that party has the burden of proof has been established by evidence which outweighs the evidence against it. You must consider all the evidence regardless of which party produced it.[6]

"Now, the plaintiff, Mrs. Zeni, has the burden of proof on each of the following propositions:

"1. That she was injured and sustained damage, and there appears to be no doubt about that, she has sustained injuries;[7]

"2. That the defendant Karen was negligent in one or more of the ways claimed by the plaintiff as stated to you in these instructions;

"3. That the negligence of the defendant Karen was a proximate cause of the injuries to the plaintiff.

"Now, the defendants have the burden of proof on their claim that the plaintiff, Mrs. Zeni, was negligent in one or more of the ways claimed by the defendants as stated to you in these instructions; and that such negligence was a proximate contributing cause of the injuries and damages to the plaintiff.

"If you find that the plaintiff, Mrs. Zeni, was contributorily negligent, as just stated in this instructions [sic], the plaintiff has the burden of proof on her claim that the defendant Karen was subsequently negligent * * *

---

[4] Corresponds to SJI 15.02.

[5] Corresponds to SJI 15.03.

[6] Corresponds to SJI 21.01.

[7] Corresponds to SJI 21.02A.

that is, that the defendant Karen failed to use ordinary care with the means at hand after she knew or should have known of the danger in which the plaintiff, Mrs. Zeni, was placed by her own contributory negligence.

"Your verdict will be for the plaintiff, Mrs. Zeni, if she was injured or damaged and the defendant Karen was negligent, and such negligence was a proximate cause of the plaintiff's injuries, unless the plaintiff, Mrs. Zeni, herself was negligent and such negligence proximately contributed to her injuries. If the plaintiff herself was negligent and such negligence proximately contributed to her injuries, your verdict will be for the plaintiff only if the defendant was subsequently negligent as previously explained in these instructions and such subsequent negligence proximately caused the plaintiff's injuries.

"Your verdict will be for the defendants if the plaintiff, Mrs. Zeni, was not injured; or if the defendant Karen was not negligent; or if negligent, such negligence was not a proximate cause of the injuries; or if the plaintiff herself was negligent and such negligence was a proximate contributing cause of her injuries, and the defendant Karen was not subsequently negligent as previously explained in these instructions."

Whether MCLA 257.655; MSA 9.2355, applies to a given situation is a question of fact. See *Martin v Leslie,* 345 Mich 305, 309–310; 76 NW2d 71, 73 (1956), and *Bird v Gabris,* 53 Mich App 164, 167; 218 NW2d 871, 872–873 (1974), wherein the Court said:

"If we were to read the above statute to mean that every person afoot on a public highway must be on the left side of the highway facing traffic which passes nearest, this rigid interpretation would apply to a traffic control officer, emergency personnel, persons alighting from their vehicles for the purpose of walking to a sidewalk, persons crossing the highway, and a myriad of other situations where the pedestrian statute obviously does not apply."

When the statute is found applicable then the issue of proximate causality may be one of fact or law. In *Holmes v Merson,* 285 Mich 136, 139–140; 280 NW 139 (1938), the Court wrote:

"The generally accepted view is that violation of a statutory duty constitutes negligence per se. 45 CJ, p 720. As said in *Westover v Railway Co,* 180 Mich 373; 147 NW 630 (1914):

" 'In some jurisdictions it has been held that a violation of an ordinance or a statute is negligence per se; but this Court has not followed that rule with reference to violations of ordinances. *Cook v Johnston,* 58 Mich 437; 25 NW 388; 55 Am Rep 703 (1885); *Flater v Fey,* 70 Mich 644; 38 NW 656 (1888); *Sterling v City of Detroit,* 134 Mich 22; 95 NW 986 (1903); *Blickley v Luce's Estate,* 148 Mich 233; 111 NW 752 (1907). It has, however, followed the rule with reference to violations of statutes, and it has been many times held that a violation of a statute was negligence per se. *Billings v Breinig,* 45 Mich 65; 7 NW 722 (1881); *Syneszewski v Schmidt,* 153 Mich 438; 116 NW 1107 (1908); *Little v Bousfield & Co,* 154 Mich 369; 117 NW 903 (1908); *Van Doorn v Heap,* 160 Mich 199; 125 NW 11 (1910); *Tabinski v A Harvey's Sons Mfg Co,* 168 Mich 392; 134 NW 653 (1912).

" 'While in some cases involving the statute the violation has been spoken of as "evidence of negligence", we think there has been no intention to depart from the rule that a violation of a statute imposed under the police power of the state is negligence per se.'

"See, also, *Bade v Nies,* 239 Mich 37; 214 NW 170 (1927), and *Hinchey v J P Burroughs & Son,* 240 Mich 273; 215 NW 346 (1927).

"Such violation of the statute alone is not sufficient to establish liability. It must have been the proximate cause of the injury. *Warwick v Blackney,* 272 Mich 231; 261 NW 310 (1927)."

See also *Shepherd v Short,* 53 Mich App 9; 218 NW2d 416 (1974).

In the context of this case, the issue of whether

plaintiff's negligence was a proximate cause of her injuries is one of fact; therefore, we may not say that defendants are entitled to a judgment *non obstante veredicto* as a matter of law.

The question, then, with which we are faced is whether the jury was instructed as to all essential elements on the doctrine of subsequent negligence. See generally Prosser, Torts (3d ed), § 65, p 437 *et seq.;* 2 Harper & James, Torts, §§ 22.12–22.14, pp 1241–1263; and also Annot., 32 ALR2d 543 (1953), *Availability of last clear chance doctrine to defendant.*

It is the general rule that the burden is on the plaintiff to show that he is entitled to the benefit of the doctrine of last clear chance. In 32 ALR2d 543, 549, it is said that the four elements of the last clear chance doctrine are: 1) plaintiff's inability to escape from, or obliviousness to, danger which results from his own negligence; 2) defendant's awareness of the danger; 3) defendant's opportunity to avert the injury; and, 4) defendant's failure to avert it. *Cf.* 2 Restatement Torts, 2d, §§ 479, 480, pp 530, 535. In Michigan, the doctrine of last clear chance (here called subsequent negligence) early became intertwined with the concept of gross negligence. In *Gibbard v Cursan,* 225 Mich 311, 319; 196 NW 398, 401 (1923), Justice CLARK wrote:

"When will gross negligence of a defendant excuse contributory negligence of a plaintiff? In a case where the defendant, who knows, or ought, by the exercise of ordinary care, to know, of the *precedent negligence* of the plaintiff by his *subsequent negligence* does plaintiff an injury. Strictly, this is the basis of recovery in all cases of gross negligence. 20 RCL, p 145. Such gross negligence is also sometimes called discovered negligence, subsequent negligence, wanton or wilful or reckless negligence, discovered peril, last clear chance doc-

trine, and the humanitarian rule. Other misconduct, different in kind, is also generally and incorrectly known as gross negligence, as we shall see later. *Richter v Harper,* 95 Mich 221; 54 NW 768 (1893); *Kelley v Keller,* 211 Mich 404; 179 NW 237 (1920); *Fike v Railroad Co,* 174 Mich 167; 140 NW 592 (1913); *Knickerbocker v Railway Co,* 167 Mich 596; 133 NW 504 (1911); *Buxton v Ainsworth,* 138 Mich 532; 101 NW 817; 5 Ann Cas 146 (1904).

"The theory of gross negligence is that the antecedent negligence of plaintiff only put him in a position of danger and was therefore only the remote cause of the injury, while the subsequently intervening negligence of the defendant was the proximate cause. Cooley on Torts (2d ed), p 674; *Labarge v Railroad Co,* 134 Mich 139; 95 NW 1073 (1903)." (Emphasis in original.)

*Cf. Papajesk v Chesapeake & Ohio R Co,* 14 Mich App 550; 166 NW2d 46 (1968). *Gibbard* is cited in the leading case of *Davidson v Detroit,* 307 Mich 420, 430–431; 12 NW2d 413, 416–417 (1943). The Court there wrote:

"In order to apply the doctrine of subsequent negligence (also called discovered negligence, gross negligence, wilful, wanton or reckless misconduct, discovered peril, last clear chance—see *Gibbard v Cursan,* 225 Mich 311; 196 NW 398 [1923]), plaintiff's negligence must have put her in a position of danger, *must have ceased to operate as the proximate cause of the accident,* the defendant must have discovered plaintiff's peril or should by the exercise of ordinary care and diligence have discovered plaintiff's peril, the defendant must have had sufficient time and ability to avoid resulting harm by ordinary care and diligence in the use of the means at hand, and failed or omitted to use such care and diligence to avert the threatened injury. The proof should be clear and convincing that the defendant had discovered the plaintiff's peril, or should have done so by the exercise of ordinary care and diligence, and by the use of the means at hand have had time to avert the threatened injury. Under the

above circumstances, the subsequent negligence of the defendant has been held to be the proximate cause of the injury, that the antecedent (although continuing)[8] negligence of the plaintiff is no longer the proximate cause, and that therefore the contributory negligence of the plaintiff would not bar recovery. This rule has been announced in substance, and at various times in part, in numerous decisions of this court, with occasional variations in language as applied to particular facts and circumstances. *Griewski v Ironwood & Bessemer Railway & Light Co,* 209 Mich 10, 176 NW 439 (1920); *Gibbard v Cursan, supra; Howell v Hakes,* 251 Mich 372; 232 NW 216 (1930); *Willett v Smith,* 260 Mich 101; 244 NW 246 (1932); *Goss v Overton,* 266 Mich 62; 253 NW 217 (1934); *Sherman v Yarger,* 272 Mich 644; 262 NW 318 (1935); *Wells v Oliver,* 283 Mich 168; 277 NW 872 (1938); *Wilson v Michigan Interstate Motor Freight, Inc,* 286 Mich 99; 281 NW 552 (1938); *Beaulieu v City of Detroit,* 293 Mich 364; 292 NW 332 (1940); *Routt v Berridge,* 294 Mich 666; 293 NW 900 (1940); *Agranowitz v Levine,* 298 Mich 18; 298 NW 388 (1941); *Sloan v Ambrose,* 300 Mich 188; 1 NW2d 505 (1942); *Mallory v Pitcairn,* 307 Mich 40; 11 NW2d 318 (1943)." (Emphasis supplied.)

See also *Conant v Bosworth,* 332 Mich 51; 50 NW2d 842 (1952), and *LaCroix v Grand T W R Co,* 379 Mich 417; 152 NW2d 656 (1967). The inquiry, thus, is whether the negligence of the plaintiff had ceased to operate as a proximate cause of her injury. See *Morrison v Hall,* 314 Mich 522; 22 NW2d 838 (1946), and 17 Michigan Law & Practice, Subsequent Negligence; Last Clear Chance, § 83, p 460. *In re DeBour Estate,* 158 NW2d 837, 839 (Iowa, 1968). If plaintiff's negligence is shown

---

[8] This may be seen as the crux of the present case. There is the assertion by defendants that plaintiff's contributory negligence continued until injury, and bars recovery; however, the point is that although plaintiff's antecedent negligence may continue up and until injury, the question remains whether plaintiff's negligence has ceased to operate as a proximate cause of the injury—and that is a question of fact for the trier of facts.

to be a remote cause of her injury, the doctrine of subsequent negligence is applicable. *Cf. Szost v Dykman,* 252 Mich 151; 233 NW 203 (1930). The proof should be clear and convincing that defendant discovered or should have discovered the plaintiff's peril by exercising ordinary care and diligence, and by use of the means at hand had time and ability to avert the threatened injury. *Davidson, supra; Brinks v Chesapeake & Ohio R Co,* 398 F2d 889, 891 (CA 6, 1968). *Cf. Barron v Detroit,* 348 Mich 213; 82 NW2d 463 (1957).

The doctrine does not apply where the negligence of both parties is concurrent and proximately causes plaintiff's injury. See *Smith v Falls,* 41 Mich App 739, 743; 201 NW2d 101, 103 (1972). *Ramirez v Chenier,* 16 Mich App 721, 722; 168 NW2d 640, 641 (1969); and, generally, 65A CJS, Negligence, § 139, p 166. *Cf. Churukian v LaGest,* 357 Mich 173; 97 NW2d 832 (1959); *Frye v Gilomen,* 360 Mich 682; 104 NW2d 813 (1960); *Kolcon v Smewing,* 28 Mich App 237; 184 NW2d 244 (1970).

The note on use following SJI 14.01 says:

"This instruction should be used only when there is evidence of plaintiff's precedent negligence, placing him in a position of danger. *If the negligence of a plaintiff is concurrent with the negligence of a defendant, the instruction is not applicable.* Also if plaintiff is in peril without negligence on his part, this instruction is not applicable because there is no precedent negligence to excuse. This instruction should not be given unless there is evidence that defendant could have avoided the accident after he knew or should have known of plaintiff's danger.

"See Instruction 21.02(A), adapting the burden of proof instruction to accommodate this issue." (Emphasis supplied.)

In order for the triers of fact to properly consider this problem, they should be instructed on the question of whether plaintiff's negligence had ceased to be a proximate cause of her injury. A proper instruction is demonstrated by that given in *LaCroix, supra,* 379 Mich 437; 152 NW2d 665:

" 'Whether Mr. LaCroix's injuries were due solely to the negligence of defendant's engine crew without contributory negligence on his part, or, on the other hand, were due to the subsequent negligence of the engine crew after Mr. LaCroix's negligence had placed him in a position of peril and *then ceased to operate as a proximate cause of the ensuing injuries,* in either event Mr. LaCroix would be entitled to recovery. If defendant's engine crew discovered, or in the exercise of due care should have discovered, Mr. LaCroix in a position of peril in sufficient time to be able by the exercise of due care and diligence in the use of the means at hand to avoid injury to him but failed to exercise such care and use such means with the result that he was injured by reason of such neglect of the engine crew, then the railroad is liable to him for damages regardless of whether he came into such position of peril without fault or negligence on his part or through his own negligence [in violating a statute or otherwise] *which had ceased to operate as a proximate cause of the ensuing injury.* '" (Emphasis supplied.)

We find that SJI 14.01 is in its wording deficient without further explanation. Moreover, we are mindful that the purpose of instructions is to enlighten the jury as to the relevant factors to be considered. Instructions should be as clear as possible. The instruction on proximate cause, correlated with the instruction on burden of proof which was given, was insufficient as the elements of subsequent negligence were not fully explained.

Reversed and remanded for a new trial. Costs to appellants.

T. M. Burns, J., concurred.

R. L. SMITH, J., *(dissenting)*. The facts are set forth correctly in Judge Holbrook's opinion. I concur in that opinion up to the point where it states:

"In the context of this case, the issue of whether plaintiff's 'negligence was a proximate cause of her injuries is one of fact; therefore, we may not say that defendants are entitled to a judgment *non obstante veredicto* as a matter of law."

I would grant judgment for the defendants on the ground that plaintiff was negligent as a matter of law, that her negligence was concurrent with that of the defendant and therefore she was not entitled to recover.

Prior to and until the moment of impact plaintiff was walking on the wrong side of the street in violation of MCLA 257.655; MSA 9.2355. Nothing in the record suggests that it would be impracticable to walk on the left side of the street facing oncoming traffic. There is nothing in the record to base a finding that plaintiff was faced with alternatives of only dangerous routes. In fact she had the option of walking on the sidewalk on the opposite side of the street or on the left side of the street facing traffic. Lee Drive is subject to heavy vehicular traffic and plaintiff was thoroughly familiar with the scene.

The issue comes into focus as to whether plaintiff's contributory negligence is concurrent. I am unable to believe that reasonable minds could possibly differ on this issue and would hold plaintiff's negligence concurrent and a contributing cause as a matter of law. *Kubasinski v Johnson,* 46 Mich App 287, 208 NW2d 74 (1973); *Modzel v Norwalk,* 325 Mich 693; 39 NW2d 226 (1949); *Shafkind v Kroll,* 367 Mich 42; 116 NW2d 58 (1962); *Shepherd v Short,* 53 Mich App 9; 218

NW2d 416 (1974); *Kolcon v Smewing,* 28 Mich App 237; 184 NW2d 244 (1970). See also *Richardson v Grezeszak,* 358 Mich 206; 99 NW2d 648 (1959) for the pros and cons on this issue.

*LaCroix v Grand T W R Co,* 379 Mich 417; 152 NW2d 656 (1967), is the classic example of a plaintiff's negligence coming to rest, *viz.:* his car stalled on the railroad tracks. In that situation it can be said that plaintiff's negligence had ceased to operate as a proximate cause and was only a remote cause.

The case law of Michigan has not yet arrived at the point where the negligence of the defendant alone is sufficient to allow a plaintiff to recover; there must be an absence of concurrent contributory negligence.

I would remand for entry of judgment *non obstante veredicto.* Costs to defendants.