PAPAJESK *v.* THE CHESAPEAKE & OHIO RAILWAY COMPANY

1. NEGLIGENCE—GROSS NEGLIGENCE—ISSUE RAISED BY PLEADING—QUESTION FOR JURY.

Where complaint expressly alleged gross negligence of defendant, which was denied by defendant it was error for trial court to eliminate the theory of gross negligence in submitting the case to the jury.

2. SAME—DEGREES OF NEGLIGENCE—COMPARATIVE NEGLIGENCE.

Different degrees of negligence and the doctrine of comparative negligence are not recognized in this State.

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 38 Am Jur, Negligence § 345 *et seq.*
[2] 38 Am Jur, Negligence §§ 43, 231.
[3] 38 Am Jur, Negligence §§ 47, 48.
[4] 38 Am Jur, Negligence §§ 178, 179.
[5] 38 Am Jur, Negligence §§ 43, 47.
[7] 38 Am Jur, Negligence § 327.
[8] 58 Am Jur, Witnesses § 601 *et seq.*

3. Same—Words and Phrases—Gross Negligence—Willful and Wanton Misconduct.

> The terms "gross negligence" and "willful and wanton misconduct" are not synonymous; the former term properly referring to what is commonly called discovered negligence, subsequent negligence, or the last clear chance doctrine.

4. Same — Defenses — Contributory Negligence — Gross Negligence—Willful and Wanton Misconduct.

> Contributory negligence of plaintiff is not a defense to either gross negligence or to willful and wanton misconduct.

5. Same—Gross Negligence—Conditions Under Which Gross Negligence Exists.

> Gross negligence exists when, considering all facts and circumstances, it can be ascertained that plaintiff is in a position or a situation that has become dangerous; that defendant knows, or by exercise of reasonable care and diligence ought to know, of plaintiff's peril; that defendant has the means to avoid harm to plaintiff by the use of ordinary care; and that defendant has failed to use ordinary care when it could reasonably be foreseen that ordinary negligence is likely to cause harm.

6. Same—Jury—Gross Negligence—Erroneous Submission.

> Where the pleadings duly raise an issue as to gross negligence, the facts presented would justify a finding of gross negligence, but trial judge submitted the case to jury only on issues of ordinary negligence and contributory negligence there is reversible error since trial judge thereby eliminated from the consideration of the jury the issue of gross negligence.

7. Same—Damages—Evidence—Value of Decedent's Estate.

> The value of decedent's estate is irrelevant and immaterial to the issues in a negligence action, and no inquiry or suggestion regarding it should be placed before the jury.

8. Witnesses—Refreshing Recollection—Use of Memoranda—Examination by Counsel.

> Counsel for the opposing party has an immediate right to see any memoranda used by a witness to refresh his memory, and to use such memoranda in cross-examination.

Appeal from Saginaw, Huff (Eugene Snow), J. Submitted Division 3 June 7, 1968, at Grand Rapids.

(Docket No. 2,945.)   Decided December 2, 1968.
Leave to appeal denied March 19, 1969.   See 381
Mich 809.

Complaint by Margie J. Papajesk, administratrix
for the estate of Fred M. Papajesk, deceased, against
Chesapeake & Ohio Railroad Co., a Virginia corpo-
ration, and Thomas Laverty, for the wrongful death
of plaintiff's decedent as the result of being struck
by a railroad car belonging to defendant railroad
and set in motion by defendant engineer.   Verdict
and judgment for defendant.   Plaintiff appeals.
Reversed and remanded for new trial.

*Cicinelli, Mossner, Majoros, Harrigan & Alexan-
der,* for plaintiff.

*Robert A. Straub* (*Weadock* and *Montgomery,* of
counsel), for defendants.

C. Kaufman, J.   This appeal brings to the fore
one of the most misunderstood doctrines in the law
of negligence.   There is apparent confusion in al-
most every cited case regarding the doctrine of gross
negligence.

The facts in this case can appear rather compli-
cated due to the complexity of the switching area
where the incident occurred which gave rise to this
dispute.   For the purpose of this decision, they may
be somewhat simplified as follows:

Plaintiff's decedent was killed on February 5,
1962, between 10 and 11 a.m., when he was struck
from the rear by some railroad gondola cars which
were being pushed or shunted by defendants down
a railroad track located on the "river dock" of Chev-
rolet Gray Iron Foundry in Saginaw.   Plaintiff's
decedent, Fred Papajesk, was the dock foreman in
this area which adjoined the Saginaw River and is

owned by General Motors Corporation which was the employer of plaintiff's decedent. There are numerous railroad tracks, piles of coal, iron and other material stacked in large mounds throughout the area.

Each day, defendant railroad would appear on the scene with a crew and perform certain switching operations. Plaintiff's decedent was in charge of the loading and unloading of the boats, and the movement of the railroad cars.

February 5, 1962, was a cold and windy day with snow and ice on the ground and snow flurries in the air when the railroad crew came to work around 9:30 a.m. Their assignment was to take some railroad gondola cars out of track where they had been sitting and place them elsewhere. The train engineer with the engine pulled out six gondola cars, five of which were empty, and then pushed or shunted the five empties down the "lead" track. The rolling gondola cars struck Fred Papajesk while he was walking along the east edge of the "lead" track. He was struck from the rear, apparently before he realized the cars were approaching. It appears from the testimony in the case that rolling cars can in the wintertime roll quite silently, especially when the tracks are wet. Also there were other noises in the general vicinity which could have affected his hearing. Plaintiff's decedent died as a result of injuries sustained in this accident without regaining consciousness.

Plaintiff's complaint charged the defendant with negligence and gross negligence in (1) failing to keep a proper lookout for persons on the premises so as not to injure them, (2) switching the gondola cars in a negligent matter, and (3) failing to warn plaintiff's decedent of the fact that the railroad cars were being pushed toward him from his rear. The

jury rendered a verdict for no cause for action in favor of defendant and from this verdict and subsequent denial of a motion for a new trial, plaintiff brings this appeal. Numerous claims of error are made and the Court will comment and rule on each as may be necessary.

Plaintiff contends that the trial judge erroneously eliminated the theory of gross negligence from the case in submitting the case to the jury on the issues of defendants' alleged negligence and plaintiff's decedent's alleged contributory negligence.

Defendants' argument that the theory of gross negligence was not properly pleaded is not well taken. Paragraph XII of the complaint expressly alleges gross negligence which defendants deny in their answer at paragraph 12. The plaintiff requested numerous instructions on this theory and complied with GCR 1963, 516.2, to save the question for appeal.

This brings us to the question raised on appeal as to the precise meaning of the term "gross negligence". Many of the authorities have expounded on the definition of gross negligence, and some of the older cases seem to confuse more than clarify. No small amount of the confusion stems from the notion that gross negligence is higher in degree and greater in culpability than simple or ordinary negligence. Gross in the sense of large as in some jurisdictions, including Michigan in some of the earlier cases, being taken literally to mean a negligence more extreme than ordinary negligence. It is well settled in Michigan since *Gibbard* v. *Cursan* (1923), 225 Mich 311, that this jurisdiction does not recognize different degrees of negligence nor the doctrine of comparative negligence. The recent case of *La-Croix* v. *Grand Trunk Western Railroad Company* (1967), 379 Mich 417, 427, 428 carefully analyzed

the *Gibbard Case* and held: "We conclude that *Gibbard's* definition of gross negligence and wanton and willful misconduct are the applicable common law in Michigan today." The terms gross negligence and willful, wanton or reckless misconduct have at times been used carelessly as synonyms. An old case *Schindler* v. *Milwaukee, L. S. & W. R. Co.* (1891), 87 Mich 400, defined gross negligence in such generic terms as to make it the equivalent of willful and wanton misconduct. The *LaCroix Case,* p 423 quotes the *Gibbard Case* to the effect that "such gross negligence is also sometimes called discovered negligence, subsequent negligence, wanton or willful or reckless negligence, discovered peril, last clear chance doctrine, and the humanitarian rule." A legal term with this number of aliases, each of which is given a precise meaning by case law and legal definition was destined for confusion.

The doctrine of gross negligence may under certain circumstances embrace all of the aforementioned legal concepts except "wanton or willful or reckless negligence." The difference between these terms is not one of degree but of kind; the latter refers either to an intentional wrong or a reckless and heedless disregard to another's safety. The *Gibbard Case* quoted in the *LaCroix Case,* p 423 asked the question "when will gross negligence of a defendant excuse contributory negligence of a plaintiff?" and answered "in a case where the defendant, who knows or ought, by the exercise of ordinary care, to know, of the precedent negligence of the plaintiff, by his subsequent negligence does plaintiff an injury. Strictly, this is the basis of recovery in all cases of gross negligence." The underlying rationale of the doctrine of gross negligence takes into account that the antecedent negligence of a plaintiff may have put him in a position of danger which

action is only the remote (as opposed to proximate) cause of the injury, while the subsequent negligence of the defendant is the proximate cause.

The kind of negligence referred to as willful and wanton misconduct should not be confused with gross negligence. This reckless negligence refers yet to another kind, although it may embrace gross negligence if the necessary elements are concurrent. Contributory negligence is also no defense to this kind of negligence. The reason being that willful negligence is quasi-criminal and manifests an intentional disregard to another's safety. To determine the existence of gross negligence all the facts and circumstances must be taken into consideration to ascertain if the following conditions exist: (1) Plaintiff is in a position or situation which has become dangerous. (2) Defendant knows or by the exercise of ordinary care ought to know, of plaintiff's peril. (3) Defendant must have the means to avoid the harm by the use of ordinary care. (4) Failure of defendant to use due care when it could be reasonably foreseen that ordinary negligence is likely to cause harm.

It appears that a jury could have found gross negligence in this case. There were proofs produced in support of it and the jury should have been permitted to consider it under a proper charge. Plaintiff is entitled to a new trial accordingly.

In order to avoid a further review of this case and to guide the court and counsel, in the event of a new trial, as to other claimed errors, this Court will rule on those matters:

It should be pointed out that the value of decedent's estate is entirely immaterial and irrelevant to the issues in this case, and no inquiry or suggestion should be placed before the jury. Authorities are abundant for this proposition and may be found at

59 ALR2d 378 (§ 2b) ; see, also, *Union Electric Light and Power Co.* v. *Snyder Estate Co.* (CA8, 1933), 65 F2d 297, 303.

The evidence in this case indicated that certain witnesses used memoranda to refresh their memories, although not while on the witness stand. The weight of authority holds that counsel has an immediate right to see any memoranda used by a witness to refresh his memory and to use such memoranda in cross-examination. See 5 Callaghan's Michigan Pleading and Practice (2d ed), § 37.161, p 510 and *Duncan* v. *Seeley* (1876), 34 Mich 369.

Reversed and remanded for new trial. Costs to appellants.

McGREGOR, P. J., and HOLBROOK, J., concurred.