KOLCON *v.* SMEWING

1. NEGLIGENCE — GROSS NEGLIGENCE — CONTRIBUTORY NEGLIGENCE —
   LAST CLEAR CHANCE.
   The doctrine of gross negligence, when applied to a situation
   in which the plaintiff attempts to excuse his own contributory
   negligence, embraces the concepts of the last-clear-chance doc-
   trine.

2. NEGLIGENCE—DOCTRINE OF GROSS NEGLIGENCE.
   The doctrine of gross negligence applies where plaintiff's neg-
   ligence put him in a position of danger and then ceased to
   operate as the proximate cause of the accident, and it must
   be clearly proved that defendant discovered plaintiff's peril
   or should by the exercise of ordinary care and diligence have
   discovered plaintiff's peril, and the defendant must have had
   sufficient time and ability to avoid resulting harm by ordinary
   care and diligence in the use of the means at hand, and failed
   or omitted to use such care and diligence to avert the threatened
   injury.

3. NEGLIGENCE—GROSS NEGLIGENCE—LAST CLEAR CHANCE—CONTRIB-
   UTORY NEGLIGENCE.
   The doctrine of last clear chance or gross negligence would not
   apply where plaintiff's contributory negligence continued up
   to the very point of impact.

4. NEGLIGENCE—GROSS NEGLIGENCE—LAST CLEAR CHANCE.
   Trial court properly granted defendant a directed verdict on
   plaintiff's allegations of gross negligence and last clear chance
   where the record would not support a finding that plaintiff's
   negligence came to a rest leaving him in peril of which the
   defendant knew, or with the exercise of reasonable care should
   have known.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 38 Am Jur, Negligence §§ 179, 215–227.
[4] 38 Am Jur, Negligence §§ 344–361.
[5, 6] 29 Am Jur 2d, Evidence §§ 785–788.

5. Evidence—Photographs—Discretion.
    Introduction of photographs into evidence is a matter of discretion with the trial judge.

6. Evidence—Photographs—Exclusion—Discretion.
    Trial judge's decision to exclude photographs of the scene of an accident was not an abuse of discretion where the record supports his determination that the photographs did not present a faithful representation of the scene as it existed on the day of the accident.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 November 4, 1970, at Lansing. (Docket No. 7,770.) Decided December 1, 1970. Leave to appeal denied April 19, 1971. 384 Mich 830.

Complaint by Robert Kolcon and Rosanne Kolcon against Malcola Smewing for personal injuries resulting from automobile-motorcycle collision. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Lawrence W. Rattner,* for plaintiffs.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendant.

Before: Bronson, P. J., and Fitzgerald and Churchill,* JJ.

Bronson, P. J. On September 4, 1967, at approximately 1:17 a.m., the defendant was operating his automobile in a southerly direction on Harper Road in the City of St. Clair Shores, Macomb County. The defendant attempted to execute a left turn at the intersection of Harper and Share Road, intending to proceed east on Share Road. Plaintiff, operating a motorcycle in a northerly direction on Harper Road, collided with the right-front fender of defendant's vehicle.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff commenced suit on October 24, 1967. Plaintiff sought recovery for his injuries on the theories of negligence, gross negligence and last clear chance. The testimony adduced at trial revealed that the motorcycle upon which plaintiff was riding had no headlight, and in fact, had no illumination at all on the front or rear thereof. Following a five-day jury trial, the trial court directed a verdict for the defendant as to plaintiff's allegations of gross negligence and last clear chance. Plaintiff's case was submitted to the jury on the remaining allegation of defendant's negligence, and the jury returned a verdict of no cause of action.

On appeal, plaintiff contends that the trial judge erred by granting the defendant a directed verdict on the issue of gross negligence and last clear chance. Additionally, plaintiff asserts that the trial court erred by refusing to admit into evidence certain photographic exhibits presented by the plaintiff.

The legal doctrine of gross negligence, when applied to a situation in which the plaintiff attempts to excuse his own contributory negligence, embraces, among others,[1] the concepts of the last-clear-chance doctrine. *Gibbard* v. *Cursan* (1923), 225 Mich 311; *LaCroix* v. *Grand Trunk W. R. Co.* (1967), 379 Mich 417; *Papajesk* v. *C. & O. R. Co.* (1968), 14 Mich App 550.

Regardless of the label selected as the basis for recovery, certain elements must be established before the theory becomes applicable. In *Davidson* v. *City of Detroit* (1943), 307 Mich 420, 430, the Court stated:

"In order to apply the doctrine of subsequent negligence (also called discovered negligence, gross neg-

---

[1] The term "gross negligence" is sometimes referred to as discovered negligence, subsequent negligence, discovered peril, and humanitarian rule. *Papajesk* v. *C. & O. R. Co.* (1968), 14 Mich App 550, 555.

ligence, wilful, wanton or reckless misconduct, discovered peril, last clear chance—see *Gibbard* v. *Cursan* [1923], 225 Mich 311), *plaintiff's negligence* must have put her in a position of danger, *must have ceased to operate as the proximate cause of the accident,* the defendant must have discovered plaintiff's peril or should by the exercise of ordinary care and diligence have discovered plaintiff's peril, the defendant must have had sufficient time and ability to avoid resulting harm by ordinary care and diligence in the use of the means at hand, and failed or omitted to use such care and diligence to avert the threatened injury. *The proof should be clear and convincing that the defendant had discovered the plaintiff's peril, or should have done so by the exercise of ordinary care and diligence,* and by the use of the means at hand have had time to avert the threatened injury. Under the above circumstances, the subsequent negligence of the defendant has been held to be the proximate cause of the injury, that the antecedent (although continuing) negligence of the plaintiff is no longer the proximate cause, and that therefore the contributory negligence of the plaintiff would not bar recovery. This rule has been announced in substance, and at various times in part, in numerous decisions of this Court, with occasional variations in language as applied to particular facts and circumstances. [Citations omitted.]

*"The negligence of the defendant was concurrent with, not subsequent to, plaintiff's contributory negligence; and for that reason plaintiff cannot recover damages for the injury."* (Emphasis added.)

Likewise, in *Churukian* v. *LaGest* (1959), 357 Mich 173, 181, the Court held:

"Plaintiff-appellant also asserts that she was entitled to have a jury consider her case under a gross-negligence or last-clear-chance doctrine. Defendant claims that there is nothing in plaintiff's declaration referring to the doctrine of last-clear-chance or sub-

sequent negligence and that plaintiff cannot now raise this issue on appeal. *City of St. Clair Shores* v. *Conley* [1957], 350 Mich 458. Even if plaintiff had properly raised this issue, *for the doctrine to be applicable, plaintiff's negligence must have come to rest leaving her in a place of danger about which defendant's driver knew, or should have known. Szost* v. *Dykman* [1930], 252 Mich 151; *Morrison* v. *Hall* [1946], 314 Mich 522. We do not view these facts as presenting such a case. *Plaintiff's negligent conduct continued up to the very point of impact."* (Emphasis added.)

The accident in the instant case occurred at approximately one in the morning. The plaintiff was traveling without lights or any reflective device on his motorcycle. The plaintiff's negligence did not cease, but rather acted as a contributing cause to the accident. The record would not support a finding that the plaintiff's negligence came to a rest leaving him in peril of which the defendant knew, or with the exercise of reasonable care should have known. Accordingly, the trial court properly granted defendant a directed verdict on plaintiff's allegations of gross negligence and last clear chance.

Plaintiff's remaining allegation of error relates to the trial court's decision to exclude certain photographic exhibits. The evidence, sought to be introduced by the plaintiff, was comprised of photographs of the scene of the accident. The defendant testified that the photographs fairly represented the intersection, "with the exception of the lighted background".

The trial judge's decision to exclude the photographs was based upon his conclusion that they did not present an accurate representation of the scene as it existed on the day of the accident. The court stated:

"*The Court:* And Exhibit 13 is the picture that we have previously indicated, that indicates the three crosses in the church being lit up and the clarity of the signs in the gas station as lit up, and you can even see the buds of the flowers on the grass. This, together with the observation of the other picture and the testimony of your own witness, the police officer, indicates to me that these pictures are not a fair representation of the—what the lighting was, or not an accurate representation of what the lighting was as reflected by plaintiffs' proposed Exhibit 13."

The introduction of photographs into evidence is a matter of discretion with the trial judge. *E.g., Birkhill* v. *Todd* (1969), 20 Mich App 356; *Eastman* v. *Ann Arbor R. R. Co.* (1966), 4 Mich App 540. The record supports the trial judge's determination that the photographs did not present a faithful representation of the scene as it existed on the day of the accident. We find no abuse of discretion.

Judgment affirmed. Costs to appellee.

All concurred.