EVANS *v.* HACKARD

1. AUTOMOBILES — GUEST PASSENGER — NEGLIGENCE — COMMON-LAW GROSS NEGLIGENCE.

"Common-law gross negligence" is unrelated to an action by a guest passenger against his host driver.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 465, 469, 471, 506.

[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 506, 1012.

[3] 8 Am Jur 2d Automobiles and Highway Traffic §§ 493, 496, 510, 514, 994, 1002.

2. AUTOMOBILES — GUEST PASSENGER — NEGLIGENCE — GROSS NEGLI-
   GENCE — QUESTION OF LAW.

    The trial judge in a guest passenger's case against his host
   driver must alone initially determine whether there has been
   sufficient evidence presented as a matter of law to permit
   the jury to consider whether the host driver's conduct was, in
   fact, gross negligence; the judge's determination is one of
   law (MCLA § 257.401).

3. AUTOMOBILES — GUEST PASSENGER — NEGLIGENCE — GROSS NEGLI-
   GENCE.

    Evidence that defendant driver was conversing with his guest
   passenger, occasionally took his eyes off the road, drove
   through an intersection against a red light, and was hit by
   another car proceeding with the green light established only
   simple negligence, not gross negligence (MCLA § 257.401).

Appeal from Macomb, George R. Deneweth, J.
Submitted Division 2 November 13, 1970, at Detroit.
(Docket No. 9356.) Decided December 10, 1970.
Leave to appeal denied March 25, 1971. 384 Mich
822.

Complaint by Lorin Evans, for herself and as
next friend of Cynthia Evans, against Michael Hack-
ard for automobile negligence. Verdict and judg-
ment for plaintiff. Defendant appeals. Reversed
and remanded with instructions.

*Lopatin, Miller & Bindes* (*Michael H. Feiler,* of
counsel) for plaintiffs.

*Eggenberger, Eggenberger, McKinney & Weber*
for defendant.

Before: McGREGOR, P. J., and HOLBROOK and
O'HARA,* JJ.

O'HARA, J. The error in this case, and error there
was, arises out of the perhaps understandable mis-

_____

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

application by the learned trial judge of this court's opinion in *Papajesk* v. *The C. & O. R. Co.* (1968), 14 Mich App 550.

We say "perhaps understandable" because *Papajesk* was an action by a pedestrian walking along a railroad track who was struck from behind by a gondola car that was being "shunted" along the track.

In the opinion, the eminent Circuit Judge CHARLES KAUFMAN, sitting by assignment on this Court, strove mightily to cast a beam of needed light into the murky area of the judicial meaning of the term "gross negligence". Judge KAUFMAN and the panel reviewed the various meanings of gross negligence and held that "gross negligence" as pleaded in *that* case was synonymous with "subsequent negligence", "after-discovered negligence," or "last clear chance". He denominated it "common-law gross negligence" to differentiate it from gross negligence as used in the statute.

However, in his enlightening resumé, he adverted to the use of that term in earlier Michigan cases arising under the guest passenger statute.[1] Thus, the trial judge here might have concluded, as he apparently did, that *Papajesk* redefined, refined, or in some method changed the meaning of the term "gross negligence" as used in the cited statute and host-guest case law. We, herewith, hold decisionally that *Papajesk* did not. *Papajesk* is unrelated to host-guest actions.

Thus, by its own terms, the trial judge's holding here that "but for *Papajesk*" he would have granted defendant's motion notwithstanding the verdict, must of necessity be reversed.

Counsel for plaintiff-appellee on oral argument urges with great vigor that the "Papajesk issue is a red herring". Irrespective, counsel contended, of

---

[1] MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101).

what the trial judge said about *Papajesk*, the fact remains that he charged the jury carefully on the meaning of gross negligence as used in the statute, and that under those error-free instructions the jury found gross negligence on the part of the driver, and determined that such gross negligence was a proximate cause of defendant's injury and damage. *Ergo,* he asserts the verdict should stand.

This logically-developed theory contains a fatal flaw. It was seized upon by appellant's counsel and developed. "Of course", he says, "I made no objection to the charge. I couldn't. It was a proper charge in a proper case. My precise point is the issues should never have reached the jury."

We are constrained to agree. The initial determination of the trial judge in a guest passenger action is one of law. He must alone determine whether there has been sufficient evidence as a matter of law to permit submitting the question of whether defendant's conduct was, or was not, in fact, gross negligence. In the case at bar there was an insufficient showing to create a jury question.

This case is one of simple negligence. Defendant driver, in company with his girl friend, was on an inspection tour of used car lots in the City of Roseville, with mayhap a view toward purchase. The youthful driver was somewhat less than attentive to the business at hand, that of negotiating a very busy intersection (Waterbury at Gratiot). Defendant testified he was conversing with plaintiff and "occasionally" taking his eyes off the road. He drove into the intersection against a red light. The inevitable occurred. His car was struck by another vehicle proceeding legally with the green light. The guest passenger was injured. She sued the driver. At the conclusion of the proofs, defendant moved for a directed verdict. The motion was denied. The jury

returned a verdict for plaintiff. Defendant moved for judgment notwithstanding the verdict. It was denied. Defendant appealed.

By reason of lack of proof of gross negligence or willful or wanton misconduct as those terms are used, and have been judicially construed within the meaning of the statute, we reverse.

The order denying the motion for judgment notwithstanding the verdict is vacated. The cause is remanded to the trial court with instructions to enter a judgment granting the motion.

Costs to the defendant.

All concurred.