MASSEY v SCRIPTER

1. NEGLIGENCE—LAST CLEAR CHANCE—ELEMENTS.

The elements of the last clear chance doctrine are: (1) plaintiff is in a position or situation which has become dangerous; (2) defendant knows, or by the exercise of ordinary care ought to know, of plaintiff's peril; (3) defendant must have the means to avoid the harm by the use of ordinary care; (4) defendant failed to use due care when it could be reasonably foreseen that ordinary negligence is likely to cause harm; and (5) plaintiff's negligence must have put him or her in a position of danger, and then must have ceased to operate as a proximate cause of the accident.

2. NEGLIGENCE—LAST CLEAR CHANCE—INSTRUCTIONS TO JURY—BICY-CLES—STATUTES—PROXIMATE CAUSATION—EVIDENCE.

A trial judge properly refused to instruct a jury on the doctrine of last clear chance where there was no evidence that defendant knew or had reason to know of plaintiffs' peril, and the plaintiffs, who rode a bicycle on the left side of a highway in derogation of the statute which requires a person to ride as near to the right side of the roadway as practicable, were negligent per se, and that negligence continued until their impact with defendant's truck and never ceased to be a proximate cause of the collision (MCLA 257.600[a]).

3. NEGLIGENCE—INSTRUCTIONS TO JURY—RIGHT TO CONTROL—PASSEN-GERS—PRESUMPTIONS—TANDEM BICYCLES—JOINT ENTERPRISES—IMPUTED NEGLIGENCE—PREARRANGED PLAN.

The right of a passenger to control the driver of a car must be established by the facts in a particular case and may not be presumed; but a trial judge properly instructed a jury that as a matter of law the negligence of the rider of the front seat of a tandem bicycle is imputed to the rider of the back seat under the theory of joint enterprise where the bicycle was merely a

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence § 394 *et seq.*
[2, 3] 57 Am Jur 2d, Negligence § 407.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 550, 551.

tool for carrying out a prearranged plan and each rider shared in the control of this tool and each had an equal voice in its use and there was general agreement as to how it was to be used.

4. Evidence—Custom and Usage—Bicycles—Statutes—Admissibility.

Evidence of custom and usage of riding bicycles against traffic in Michigan is inadmissible where statute has mandated the opposite course of action.

Appeal from Washtenaw, Edward D. Deake, J. Submitted June 5, 1975, at Lansing. (Docket No. 21711.) Decided September 24, 1975. Leave to appeal applied for.

Complaint by Lester B. Massey, Sr., and Wanda F. Massey against Daniel Scripter for damages resulting from personal injuries sustained when a motor vehicle struck a bicycle. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Ronald W. Egnor,* for plaintiffs.

*DeVine & DeVine* (by *Allyn D. Kantor),* for defendant.

Before: Bashara, P. J., and J. H. Gillis and M. F. Cavanagh, JJ.

Bashara, J. Plaintiffs appeal from a jury verdict of no cause of action. The plaintiffs, Lester and Wanda Massey, allege injuries when their tandem bicycle was struck by defendant's pick-up truck.

The plaintiffs were riding their tandem bicycle on July 24, 1972, at about 4:40 p.m., in an easterly direction, but in the westbound lane of Holmes Road. Mr. Massey was in the front seat, control-

ling the direction of the vehicle, while Mrs. Massey was seated at the rear, assisting with the pedaling. Both plaintiffs were able to brake the bicycle.

Defendant was stopped at a stop sign on southbound Ridge Road intersecting with Holmes. Defendant testified that he "looked to the right, left, and the right. I didn't see anybody. I wouldn't expect anybody to be going the wrong way in the right-hand lane at that time, and I started to move".

The defendant started to move just as the plaintiffs approached the intersection. Plaintiff Lester Massey indicated that he saw the truck starting to move toward them and turned his wheel to the right, but was unable to avoid the collision which threw the cyclists to the ground. The defendant testified that he had just started up and was proceeding at about four miles per hour when he caught sight of the plaintiffs and immediately applied his brakes.

A witness to the accident indicated that the bicycle was about 18 inches from the shoulder of the road, and that the Masseys did not change direction before the impact. He also testified that the plaintiffs appeared to be looking straight ahead and that the defendant appeared not to see them until just prior to the impact.

The allegations of error deal with the exclusion or inclusion of jury instructions and evidence by the trial judge. They will be dealt with *seriatim.*

I

Plaintiffs first contend that the trial judge erred in refusing to instruct the jury on the "last clear

chance" doctrine.[1] The elements of the doctrine are well stated in *Papajesk v Chesapeake & Ohio R Co,* 14 Mich App 550, 556; 166 NW2d 46 (1968), *lv den* 381 Mich 809 (1969):

"(1) Plaintiff is in a position or situation which has become dangerous. (2) Defendant knows or by the exercise of ordinary care ought to know, of plaintiff's peril. (3) Defendant must have the means to avoid the harm by the use of ordinary care. (4) Failure of defendant to use due care when it could be reasonably foreseen that ordinary negligence is likely to cause harm."

A fifth element was discussed in *Kolcon v Smewing,* 28 Mich App 237, 240; 184 NW2d 244 (1970), *lv den* 384 Mich 830 (1971). Both parties rely on this case to support their respective positions. *Kolcon* quoting *Davidson v City of Detroit,* 307 Mich 420, 430; 12 NW2d 413 (1943), states:

" '[P]laintiff's negligence must have put her in a position of danger, [and] *must have ceased to operate as the proximate cause of the accident * * * .* '"

The negligence of the plaintiffs in the instant case was clearly negligence per se in violation of MCLA 257.660(a); MSA 9.2360(a), which requires a person to ride a bicycle "as near to the right side of the roadway as practicable". Since plaintiffs' bicycle was at all times on the left side of the roadway, the negligence continued until the impact. Therefore, plaintiff's negligence never ceased to be the proximate cause of the accident as re-

---

[1] The doctrine of "last clear chance" has been used synonymously in Michigan with gross negligence, subsequent negligence, discovered negligence, discovered peril and the humanitarian rule. *LaCroix v Grand Trunk Western R Co,* 379 Mich 417, 423; 152 NW2d 656 (1967), *Leemon v Leemon,* 56 Mich App 424, 426; 224 NW2d 328 (1974), *Papajesk v Chesapeake & Ohio R Co,* 14 Mich App 550, 555; 166 NW2d 46 (1968).

quired by *Davidson v City of Detroit, supra,* and
*Kalcon v Smewing, supra.*

It should be further noted the record reveals
that the defendant was unaware of plaintiffs until
a moment before the impact. Defendant's truck
was stopped at the stop street. It started and
collided with the tandem bike at a point only one
or two feet into the intersection. It is hardly likely
that the defendant knew or had reason to know of
plaintiffs' peril as required in *Papajesk v Chesa-
peake & Ohio R Co, supra.* We find no error in the
trial judge's refusal to instruct on the "last clear
chance" doctrine.

## II

Plaintiffs next allege as error the trial judge's
instruction that the negligence of the husband
should be imputed to the plaintiff wife under a
theory of joint enterprise.

The trial judge instructed the jury as follows:

"I instruct you, members of the jury, that at the time
of this accident the plaintiffs were engaged in a joint
venture. If you find that either of the plaintiffs were
negligent, that such negligence was a proximate cause
of the accident, then both plaintiffs should be barred
from recovery, and your verdict would be for the de-
fendant."

We are thus faced with what appears to be a
very novel question; Is the negligence of the rider
of the front seat to be imputed to the back seat
rider of a tandem bicycle under the theory of joint
enterprise?

Plaintiffs urge that the requirements set forth in
*Boyd v McKeever,* 384 Mich 501; 185 NW2d 344
(1971), be applied here. However, *Boyd v Mc-*

*Keever,* concerned itself with establishing a joint enterprise between a driver and passenger of an automobile. The possibility of control is much more remote in that instance.

We believe that the facts and holding of *Flager v Associated Truck Lines, Inc,* 52 Mich App 280; 216 NW2d 922 (1974), *lv den* 392 Mich 810 (1974), comes closest to the factual situation in our case. There two girls were riding on a motor scooter. One girl stood on the front of the scooter and operated the throttle and handle bars. The other girl sat on the seat and operated the brakes. The scooter went out of control, collided with a truck, and the seated girl was killed. The trial court ruled that as a matter of law the seated girl should be considered as an operator of the motor scooter.

The Court of Appeals in *Flager,* at 283–284, speaking through Judge BRONSON, quoted *Boyd v McKeever, supra,* and differentiated from that case in the following language:

"The next problem concerns that question of 'joint venture' in motor vehicle passenger cases involving a claim of negligence. This was recently discussed in *Boyd v McKeever,* 384 Mich 501, 506, 507; 185 NW2d 344 (1971), where the Court said:

" 'While there may be extraordinary facts in which an equal right of control of a motor vehicle exists between a driver and a passenger, * * *

" '[W]e hold that while the right of control of the driver of a car by a passenger may be established upon the facts in a particular case, it may not be presumed.'

"This case involves extraordinary facts. It is clearly an exception to the general rule established in *Boyd, supra.* In addition to both girls being 'operators', they were clearly engaged in a joint enterprise, and the liability of the 'driver' can be imputed to the 'passenger'. The facts also meet the criteria in the test estab-

lished in *Boyd*. The scooter was merely the tool for carrying out the prearranged plan and each girl shared in the control of this tool. *Lauer v Green*, 38 Mich App 81; 195 NW2d 781 (1972)." (Footnote omitted.)

Clearly our case involved extraordinary facts as well. Testimony revealed that both the front and rear rider could supply locomotive power through front and rear pedals. While the front driver had hand brakes, and foot brakes, the rear driver had foot brakes and could effectively stop the vehicle.

Finally, logic must prevail in this unique situation. We are confronted with a "bicycle built for two". Mrs. Massey could exert positive physical application to the starting or stopping of the vehicle. Both Mr. and Mrs. Massey acknowledged that each had an equal voice in the use of the bicycle and there was general agreement as to how it was to be used.

We, therefore, hold that the trial court did not err, under the facts of this case, in instructing the jury that the operators and riders of a tandem bicycle were engaged in a joint enterprise.

### III

Plaintiffs claim that the trial judge erred in instructing the jury that Mr. and Mrs. Massey were required to use greater care if they were riding on the wrong side of the road in violation of the statute, and that the court improperly introduced defendant's theory of assumption of the risk to the jury.

Reviewing the instructions as a whole, we find no reversible error. It is not disputed that the plaintiffs were traveling on the wrong side of the road, in contravention of the statute. If anything, an analysis of the complained-of instructions

might be more likely to be prejudicial to the defendant than to the plaintiffs.

## IV

Finally, plaintiffs argue that the trial court's refusal to allow testimony from the investigating police officer as to the custom and usage of riding bicycles against traffic in Michigan was error.

We reject this contention. Clearly such evidence is inadmissible where the statute has mandated a course of action other than that which the testimony sought to show. See *Hardaway v Consolidated Paper Co,* 366 Mich 190; 114 NW2d 236 (1962), and *Kubasinski v Johnson,* 46 Mich App 287; 208 NW2d 74 (1973).

Affirmed. Costs to defendant.